# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

JUN 2 4 2005

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

| | |
|---|---|
| ROY R. FISHER,<br>　　　　Petitioner, | )<br>) |
| | ) |
| v. | ) |
| | ) |
| LARRY W. JARVIS, WARDEN,<br>　　　　Respondent. | )<br>) |

Civil Action No. 7:05-cv-00243

**MEMORANDUM OPINION**

By: Hon. James C. Turk
Senior United States District Judge

　　　　Petitioner  Roy R. Fisher, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. §2254.  Fisher stands convicted in the Circuit Court for Franklin County for operating a motor vehicle after being declared an habitual offender, subsequent offense; driving under the influence, fifth offense in ten years; and failure to appear.  On these charges, the court sentenced him to twelve years imprisonment with seven years suspended.  Fisher challenges the validity of his confinement upon these convictions and sentences.  This court filed his §2254 petition and notified him that it appeared to be untimely filed.  Petitioner submitted additional information regarding the timeliness of his petition.  Upon review of the record and his additional information, however, the court finds that the petition must be dismissed as untimely under the one-year statute of limitations now applicable to §2254 petitions.  See 28 U.S.C. § 2244 as amended in 1996 by the Anti-terrorism and Effective Death Penalty Act (AEDPA).

I.

　　　　Fisher presents the following sequence of events related to the timeliness of his §2254 petition.  Authorities arrested him on the instant charges on March 24, 2002, and held him thereafter in the Franklin County Jail.  He was convicted in May and sentenced on August 9, 2002 in the Circuit Court for Franklin County.  He remained in the Franklin County Jail until his transfer on November 25, 2003 to the Moneta Adult Detention Center (a regional jail).  Fisher asserts that these local jails had no law libraries.

　　　　Then, on February 17, 2004, authorities transferred Fisher to Powhatan Correctional

1

Center (PCC), and then transferred him again on April 16, 2004, this time to Bland Correctional Center (BCC). Both PCC and BCC are operated by the Virginia Department of Corrections (VDOC) and do have law libraries. Fisher filed a state habeas petition in the Supreme Court of Virginia on May 14, 2004, which was denied on November 18, 2004. Fisher signed and dated his federal petition on April 21, 2005. In the petition, he alleges the following grounds for relief:

1. Ineffective assistance of counsel
   a.    by failing to present a Double Jeopardy defense at trial or on appeal;
   b.    by ignoring basic human rights raised by petitioner, including the "duel" charges;
   c.    by failing to investigate facts adequately before advising petitioner to plead guilty;
   d.    by failing to advise petitioner adequately of the elements of the charges, potential defenses, and consequences of pleading guilty;
2. Violation of petitioner's Fifth Amendment right against Double Jeopardy;
3. Improper statutory construction in charging petitioner with two violations; and
4. Violation of Virginia Code §19.2-294, in prosecuting two Felony charges stemming from a single act.

## II.

Pursuant to 28 U.S.C. § 2244(d)(1), as amended in 1996, a one-year period of limitation applies to an application for "a writ of habeas corpus by a person in custody pursuant to the judgment of a state court." The limitation period for filing a §2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> The limitation period shall run from the latest of---
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2

§2244(d)(1)(A - D).

A conviction becomes final once the availability of appeal is exhausted. See United States v. Clay, 537 U.S. 522 (2003). Since Fisher did not appeal his convictions, they became final on or about September 9, 2002, when his opportunity to appeal expired. See Virginia Code §8.01-675.3. On that date, Fisher's federal limitation period under §2244(d)(1)(A) began to run, and it expired on September 9, 2003. Fisher signed and dated his §2254 petition on April 21, 2005. Even considering this date as the date of filing, pursuant to Lewis v. Richmond City Police Dept, 947 F.2d 733 (4th Cir. 1991), the petition is untimely under §2254(d)(1)(A).

After the statutory period under §2244(d)(1)(A) starts running, the pendency of a properly filed, state court habeas petition will stop the clock. §2244(d)(2). Fisher filed his state petition after expiration of the federal statutory period, however, so the pendency of the state petition did not toll the federal statute in his case.

Fisher does not allege facts upon which he can invoke subsections (C) and (D) of §2244(d)(1) to calculate the timeliness of his federal petition. None of his claims rely upon a constitutional right newly recognized by the United States Supreme Court, and he clearly knew the facts necessary to support his claims at the time of his trial or within the thirty-day appeal period. Fisher apparently asserts that §2244(d)(1)(B) should apply to his case because he allegedly had no access to a law library or legal materials during the two-plus years when he was incarcerated in local jails before and after his convictions. He fails to establish, however, a causal connection between this alleged lack of library access and his inability to file any state or federal habeas petition. The record does not include any information suggesting that he asked prison officials for legal materials or that he attempted to file any court action concerning the validity of his conviction or the lack of access to a law library or legal materials while he was at the local jails. As such, he fails to allege facts demonstrating any "impediment to filing an application created by State action in violation of the Constitution or laws of the United States," see Lewis v. Casey, 518 U.S. 343 (1996) (to prove violation of inmate's constitutional right to

3

access the court, inmate must demonstrate that deprivation of materials caused specific harm to litigation efforts), and so fails to invoke §2244(d)(1)(B).

For the same reason, Fisher fails to demonstrate any ground on which equitable tolling of the federal clock is warranted in his case. See Harris v. Hutchinson, 209 F.3d 325, 329-30 (4th Cir. 2000)(holding that equitable tolling of AEDPA habeas limitation statute may be applied only in "those rare instances where"due to circumstances external to the party's own conduct it would be unconscionable to enforce the limitations period against the party and gross injustice would result"); Miller v. New Jersey State Dept of Corrections, 145 F.3d 616, 617 (3d Cir. 1998) (equitable tolling only appropriate where petitioner demonstrates "reasonable diligence in investigating and bringing [the] claims" in timely manner). As Fisher offers no indication that he sought to obtain legal materials or pursue litigation during his local jail confinement, he fails to demonstrate due diligence on his part and fails to show that the lack of a law library constituted an extraordinary force outside his own control that prevented him from filing a timely federal petition.

Based on the foregoing, the court concludes that Fisher's petition must be dismissed as untimely filed, pursuant to §2244(d)(1)(A). An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such

4

extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to the Office of the Attorney General of Virginia.

ENTER: This _23rd_ day of June, 2005.

_James C. Turk_
Senior United States District Judge